# Newhart *versus* Wolfe.

1. While the writ of audita querela is seldom used, it seems that it may be awarded in this state, in a proper case.

2. Audita querela is not a writ of right, but can only be awarded, upon petition filed, by a special allocatur of the court in which the judgment was entered.

3. The facts in this case held to be insufficient, upon the merits, to warrant the issuing by the court below of a writ of audita querela.

4. Whether the obtaining a rule to show cause why the judgment should not be opened, which rule was discharged by the court after hearing, is a bar to a subsequent application for a writ of audita querela,—not decided.

[Newhart *v.* Wolfe.]

March 7th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county :* Of January Term 1883, No. 56.

This was an application for a writ of audita querela. The record showed the following facts :—

On September 1st 1879, Henry C. Wolfe obtained judgment in an action of scire facias sur mortgage against Rebecca Newhart and her husband Tilghman Newhart, for want of an affidavit of defence, and the damages were assessed by the prothonotary in the sum of $2,443.41. On March 28th 1881, the defendant Mrs. Newhart obtained a rule to show cause why said judgment should not be opened, and she be let into a defence. This rule was discharged by the court May 10th 1881. Mrs. Newhart took a writ of error, to July Term 1881, No. 61, to the order discharging said rule, which writ of error was quashed by the supreme court, and the record remitted.

The defendant then made this application, in the court below for a writ of audita querela. Her petition was as follows :

The petition of Rebecca Newhart, widow of Tilghman Newhart, late of the township of Allen, in said county, deceased, respectfully represents : That your petitioner on the sixth day of May, 1878, joined with her husband, the said Tilghman Newhart, now deceased, in the execution of a bond and mortgage to Henry C. Wolfe for two thousand two hundred and seventy-five dollars and six cents, which said mortgage purported to convey the separate estate of your petitioner. That your petitioner was induced to sign the said bond and mortgage by fraud and misrepresentation, and was told at the time of its execution, that it was given in order to secure the inheritance of your petitioner. That your petitioner executed the said bond and mortgage by making her mark, and was totally ignorant of the contents thereof. That your petitioner can neither read nor write nor understand the English language. That the said bond and mortgage was given to secure an old debt alleged to be due from her husband, who was present when her acknowledgment was taken and controlled her signature. That the original indebtedness, the amount of a liquor bill, was never incurred by her husband, and that the fraud, misrepresentation and coercion practiced upon her, render the mortgage totally void. That after the execution of the said mortgage the same was materially altered in the original and on the record without the knowledge or consent of your petitioner, to wit, by inserting the words, " payable one year after the date hereof." That on the 24th day of July, 1879, scire facias issued, but was never served, nor was service accepted by any one authorized to appear for your petitioner. That the Hon. Wm. Mutchler, now

[Newhart *v.* Wolfe.]

attorney for the said Henry C. Wolfe, entered his appearance and accepted service, but without any authority from your petitioner, as will appear from the following agreement filed December 30th 1881 :

"And now, to wit : this 30th day of December, A. D. 1881, it is hereby agreed that the following statement shall be submitted as part of the facts in this case.   That Wm. Mutchler, Esq., of counsel for the plaintiff, entered his appearance for the defendant and accepted service of the writ of scire. facias, because at the time of the issuing of the writ of scire facias he was concerned for Tilghman Newhart in other litigation, and that he did so at the request of the said Tilghman Newhart and for the purpose of saving costs.   That he has no recollection that Rebecca Newhart, the wife of Tilghman Newhart, authorized an appearance to be entered and service of the said writ accepted as aforesaid," which said agreement is signed by William Mutchler, attorney for plaintiff, and by George W. Geiser, attorney for defendant.   That judgment was had on the scire facias for want of an affidavit of defence, September 1st 1879. and same day levari facias issued, which on the 18th day of October, 1879, was stayed by order of plaintiff, as the record shows.   That Tilghman Newhart died on the 11th day of September, 1880, and that Mr. Mutchler, who had been his attorney, afterward became the attorney of the said Henry C. Wolfe.   That a pluries levari facias issued on the twentieth day of April, 1882, and the property of your petitioner advertised for sale.

Your petitioner, therefore, complains that, by reason of the premises, she is unjustly oppressed, and also complains that the said Henry C. Wolfe has unjustly caused the lands and tenements of your petitioner to be levied upon under the said writs of levari facias, and is endeavoring to unjustly oppress your petitioner by causing the said execution to be levied as aforesaid, your petitioner's property to be sold under the same to the manifest damage and grievance of your petitioner.

Your petitioner, therefore, prays the court to allow her a writ of audita querela against the said Henry C. Wolfe, and that her complaint being heard, the said Henry C. Wolfe be called before the court and that justice be caused to be done to your petitioner; that the judgment obtained upon the said writ of scire facias shall be stricken from the record, set aside and declared void for the cause herein set out, and that a supersedeas of said writ of levari facias be ordered.

And your petitioner will ever pray.

Her<br>
REBECCA &#9738; NEWHART.<br>
Mark

(Duly sworn to, April 28th 1882.)

[Newhart *v.* Wolfe.]

A rule to show cause was granted, to which the following answer was filed by Henry C. Wolfe :

That it is not true that the petitioner was induced to sign the mortgage referred to in her petition by any fraud or misrepresentation ; that the same was read over to her and explained by W. A. Horn, Esq., the justice of the peace, who took the acknowledgments thereto of the petitioner and her husband ; that the said petitioner, as stated in the acknowledgment, was in point of fact examined separate and apart from her husband, according to law, and the contents were fully made known to her ; that she was not told at that time, or at any other, by this defendant, nor by his counsel, nor by the justice of the peace, nor by any one, to his knowledge, nor by his authority, that the mortgage was given to secure her inheritance. The said mortgage was given to secure an indebtedness, actual and bona fide, incurred by her husband, for the purposes of his business, of which the petitioner well knew.

That the alteration made in said mortgage was with the concurrence and agreement of the said petitioner, who, with her husband, subsequently appeared before the justice of the peace by whom the acknowledgment had been first taken, and there she did agree to the alteration, and separately acknowledged the said instrument again according to law.

The defendant, for further answer, saith that the matters in said petition exhibited, if true, are not sufficient to entitle her to the relief prayed for.

That judgment was entered on the first day of September, 1879 ; that the petitioner has delayed her prayer for the audita querela until April 29th 1882 ; and that she was cognizant, at least before March 28th 1881, of the judgment and effect thereof entered against her on said mortgage.

That the judgment cannot now be opened to allow the petitioner to prove the matter in her petition alleged as a pretermitted defence, and that this court has already, upon motion, refused relief now prayed for here ; wherefore she is now concluded by election of remedy. Wherefore the said petition should be dismissed.

The Court, after argument, discharged the rule, SCHUYLER, J. delivering the following opinion :—

In Schott *v.* McFarland, T. & H. Prac. (3d ed.), 869, a case decided in the District Court of Philadelphia, the court says : " The District Court which preceded the present organization of this court, decided—though not as we are informed, without great hesitation—that the writ of audita querela might be used in Pennsylvania and also that it might be resorted to after an unsuccessful effort to obtain the summary interposition of the court on motion. Were the question any longer res integra

[Newhart v. Wolfe.]

we would now decide the latter point in the negative. Every consideration of equity and expediency requires, in our opinion that the party should abide by his election."

To the same effect is the language of Judge MITCHELL, of the same court, in Emery v. Patton, 9 Phila. 125: "If," says that able and learned judge, "there is any case in which the writ of audita querela is useful in Pennsylvania at the present day, it has failed to suggest itself to me after a very deliberate consideration of the subject in this case. In England, when on application for summary relief on motion, it appears by the depositions, or otherwise, that the facts on which relief is asked are disputed or doubtful, it is the practice to refuse the motion, and put the party to his audita querela. Hence this remedy has been revived and more frequently used of late than it had been during the previous century. But as it is the settled practice of courts of this state to relieve upon motion, and to grant an issue in such cases, the same reason does not exist for encouraging the use of an antiquated and cumbersome remedy here. It is too late, however, to question in this court, that the writ may issue even after an unsuccessful application for relief on motion. More than twenty years ago the court reluctantly considered itself bound by the precedent on this point."

Beyond the decisions above mentioned and one or two others collated in Troubat & Haley's Practice, in the same court, we have been directed to none in this state which sustain the position that an unsuccessful application to open a judgment is not a bar to subsequent relief by writ of audita querela. These decisions are entitled to the greatest respect, but they do not come to us with the sanction of authority, and they are anomalous in not receiving the unqualified approval of the judges who made them. They were made under the spur of what the judges conceived to be binding precedents, and for this reason alone.

This court is not thus hampered, and believing as we do in the language of the court above cited, that where a party elects to proceed by motion to open the judgment in the first instance, "every consideration of equity and expediency requires that the party should abide by his election," we feel at liberty to give emphasis to our faith by so deciding. We do this with all the less reluctance, in view of the fact that the complainant herself, whose single deposition is relied upon as supporting the claim to the relief she is now asking, under a skillful cross-examination, was compelled to admit facts that show the present application to be without any merit whatever.

And now, September 25th, 1882, rule discharged.

The petitioner thereupon took this writ of error, assigning for error, the order discharging the said rule.

*Robert 1. Jones* (*George W. Geiser* with him), for plaintiff in error.—The writ of audita querela is a writ of common right and is an independent proceeding : Nathans *v.* Giles, 5 Taunt. 570; Wardell *v.* Eden, 1 Johns. 552, note *a ;* Coleman's Cases (N. Y.) 137 ; Brooks *v.* Hunt, 17 Johns. 485 ; Wait's Actions and Defenses 489 ; 2 Wms. Saunders 147, note 1, 148 *a ;* Commonwealth *v.* Berger, 8 Phila. Rep. 237. The court below therefore erred in refusing the writ on the ground that a motion to open the judgment had previously been dismissed : Emery *v.* Patton, 9 Phila. Rep. 125.

*William Mutchler,* for defendant in error, presented no paper book ; he argued that if the plaintiff in error had originally asked for a writ of audita querela it might, perhaps, have been grantable ; but having elected to pursue the modern practice of asking to have the judgment opened, wherein substantially the same questions were raised as would be presented on audita querela, she had had her day in court and was not now entitled to the writ. Further, that the petition was insufficient, and, taken in connection with the answer, showed that the application was without merit.

Mr. Justice PAXSON delivered the opinion of the court, April 23d 1883.

This was a petition for a writ of audita querela. The court below granted a rule to show cause why the writ should not issue, and subsequently, after hearing, discharged the rule. To this action this writ of error was taken.

We were asked to reverse upon the ground that the writ is of right, and no allowance of the court necessary.. The authorities are not so. While the writ is now seldom used in practice all the precedents, so far as I have had access to them, show that it has been issued upon petition and allowance. A carefully prepared form will be found as a precedent in 1 Troubat & Haley, at page 1171. The old authorities are uniform that an allowance is necessary and that it can be only issued out of the court in which the judgment was entered. Audita querela is not to be allowed but in open court : 3 Viner's Abridg. 335 ; 1 Comyn's Digest 789 ; 1 Bul. 149 ; 2 Bul. 97 ; 2 Sho. 240 ; Waddington *v.* Vredenburgh, 2 Johns. Cas. 229. " And therefore, when the cursitor has wrote the writ, an allocatur shall be indorsed by the secondary in court :" Comyn's Dig. 789. " So if it be irregularly granted, a *vacat* shall be entered upon the record ": Ibid. And if bail also be given it shall be discharged : 1 Bul. 140.

The learned judge refused to allow the writ for two reasons, 1st. That the plaintiff had been fully heard upon a motion to

[Newhart v. Wolfe.]

open the judgment, and 2d. That she was not entitled to it upon the merits.

We do not propose to discuss the first proposition, nor to decide the question whether a hearing upon a motion to open a judgment, and a denial of said motion, is a bar to a subsequent proceeding by audita querela for the same cause. The learned judge was clearly right in refusing the motion upon the merits, and we may well defer the consideration of the effect of this antiquated writ until such time as it becomes necessary.

The averments of the petition are extremely vague in their character. Fraud is freely charged in connection with the mortgage, which is the subject of the controversy, but we are not informed who the parties are that committed the fraud. There is no allegation that fraud was practiced upon the petitioner by the mortgagee either in the creation of the mortgage or its execution. She says "that the fraud, misrepresentation and coercion practiced upon her, render the mortgage totally void." Whose fraud, misrepresentation and coercion? Of this we are left entirely in the dark, and if the averments are untrue, they are so vague that no indictment for perjury would lie. The chief ground of complaint, however, is that there was no service of the scire facias upon the petitioner, and that the appearance for her by counsel was "without any authority from your petitioner." Here again, while all that is stated may be true, there is much omitted that should have been stated. It may be literally true that the petitioner never authorized Mr. Mutchler to appear for her, and it may be equally true that she knew her husband had authorized him to appear for both of them, and approved of it. After this lapse of time it would not be a violent presumption that she had authorized her husband to act for her. Indeed, this would be conclusively presumed in favor of a purchaser at a sheriff's sale : Evans v. Meylert, 7 Harris 402 ; McCullough v. Wilson, 9 Id. 436. The judgment on the scire facias was entered September 1st 1879. This application was made April 28th 1882. There is nothing upon the face of the petition to account for this delay. Nor is there any averment that the petitioner did not know that Mr. Mutchler was employed by her husband, on their joint account, and that judgment had been entered against her by default. If she did know, it was her duty to seek relief at the earliest possible day, and if she did not know such ignorance should have been stated as an excuse for the delay. On the whole the petition is more remarkable for what it omits than for what it avers, and we think the learned judge was fully justified in refusing the writ.

Judgment affirmed.

Sterrett, J., dissented.